[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
One of the plaintiff's automobiles was stolen on January 6, 1990, and she brings this action against the defendant ("GEICO"), claiming that her loss was covered by an automobile policy issued by said defendant. The defendant has refused to pay for the loss, claiming that the plaintiff's policy had been cancelled for nonpayment of premium. The court finds the following facts: CT Page 7874
The plaintiff had an automobile insurance policy which covered two Chevrolet Caprice cars for the period July 31, 1989 through January 31, 1990. (Plaintiff's Exhibits C and D). The insurance premium for the six-month period was $475.10, to be paid in installments as follows: 40% or $193.04 due July 31, 1989, $98.02 due August 30, 1989, $98.02 due September 29, 1989, and $98.02 due in October. The plaintiff paid the first two installments.
On September 13, 1989, the defendant mailed a bill to the plaintiff informing her that the third installment in the amount of $98.02 was due as of September 29, 1989. (Defendant's Exhibit 5). The plaintiff failed to pay that installment. On October 11, 1989, another bill was sent to the plaintiff informing her that she owed $196.04, covering the third and fourth installments. She failed to respond to that bill as well. On October 24, 1989, the defendant mailed to the plaintiff a notice of cancellation for non-payment of premium. (Defendant's Exhibits 6 and 7). Said notice informed the plaintiff that the sum of $196.04 was due and that her insurance would be cancelled as of 12:01 a.m. November 16, 1989 unless she paid that amount prior to that date. The plaintiff failed to pay the third and fourth installments, and her policy was cancelled as of November 16, 1989.
On January 6, 1990, the date of the theft, the plaintiff called GEICO's Policy Services Department and requested that the department reissue a policy for both vehicles. She did not inform GEICO of the theft on that date. Upon payment of the first installment in the amount of $197.00 (Plaintiff's Exhibit S) defendant issued a policy covering the period from January CT Page 7875 9, 1990 to July 9, 1990. (Plaintiff's Exhibit G). At trial the plaintiff testified that she thought the payment was for the period July 31, 1989 through January 31, 199. If so, then it would appear that she was attempting to reinstate the cancelled policy retroactively.
On January 10, 1990, after the policy had been reissued GEICO received its first notice of the theft (Plaintiff's Exhibit F).
The plaintiff claims that she did not know that her policy had been cancelled as of November 16, 1989. Her testimony in this regard was not credible, however, in light of the fact that she asked for a reassurance of a policy on the day of the theft, prior to informing the defendant that the theft had occurred, even though she claimed she had not received the cancellation notice.
The plaintiff claims that the notice of cancellation did not comply with the provisions of section 38-175 (h) (now section 38a-343) of the Connecticut General Statutes). That section provides in pertinent part as follows:
 "(a) No notice of cancellation of policy. . . . may be effective unless sent, by registered or certified mail or by mail evidenced by a certificate of mailing . . ."
The court finds that the notice of cancellation was sent by mail as evidenced by a certificate of mailing. (See Defendant's Exhibit 6 as explained by the testimony of Joseph G. Abbatiello.) The mailing complied with the provisions of section38a-343.
In the third count of the substitute complaint the plaintiff claims that the defendant was unreasonable because it refused to renew her auto policy after July 9, 1990. The court does not believe the defendant was unreasonable in light of the circumstances set forth in Plaintiff's Exhibit L, the fact that her installment payments were late during the policy period January 9, 1990 through July 9, 1990, and in light of the circumstances regarding the cancellation of her insurance and her attempt to have the insurance reissued retroactively prior to reporting the theft.
Judgment may enter for the defendant.
FRANCES ALLEN SENIOR JUDGE CT Page 7876